{¶ 85} I find the second assignment of error with merit, and would reverse based on the manifest weight of the evidence.
 {¶ 86} I agree with appellant that a vital element of the crime alleged is the intent underlying the so-called harassing telecommunication. R.C. 2917.21(B); Patel, supra, at ¶ 7. In this case, Mr. Peppeard testified that he called regarding visitation with his children, not to harass his ex-wife. Her testimony regarding the February 4, 2008 telephone call really does not counter his assertion that his intent in making the call was to enquire about his children: it simply establishes that he was vulgar and profane. The majority uses Mr. Peppeard's bad language to "prove" his intent was harassment, stating at ¶ 29, supra, "We fail to see how a phone call during which Mr. Peppeard accused the mother of his children of unfounded allegations, and swore at her in a vulgar manner, could be anything but a phone call that was meant to `annoy, threaten, or harass.'" This presumes that Mr. Peppeard made unfounded allegations, and it misstates the law. I agree with the observation of the Seventh Appellate District in Patel at ¶ 48: *Page 26 
 {¶ 87} "However, as the actual purpose of his making the call was not to use profanity and name calling, the mere inclusion of them in the message does not raise the incident to the level of telephone harassment. To hold so would essentially mean that any call placed with a legitimate purpose could somehow transform into telephone harassment by the use of profanity, an end that is not warranted by the existing statute."
 {¶ 88} There is no independent evidence, such as a recording, to support Ms. Peppeard's version of the February 4, 2008 phone call. Mr. Peppeard has the testimony of his mother that he said nothing untoward. There is no independent evidence that supports the contention that the phone call appeared marked as "private," rather than showing the telephone number of Mr. Peppeard's mother. If Mr. Peppeard had been conducting this campaign of telephone harassment since Christmas, why did not Ms. Peppeard do something before — such as obtain a protection order from the domestic relations court?
 {¶ 89} I do not find the evidence of sufficient quality to sustain the conviction, and must respectfully dissent. *Page 1